OPINION
Defendant, Matthew Sexton, appeals from an order of the court of common pleas declaring that Defendant, Public Entities Pool of Ohio (the "Pool"), has no statutory duty to indemnify Sexton on his underinsured motorist claim.
The Pool is a joint self-insurance pool organized pursuant to R.C. 2744.081. Such pools are authorized by division (A) of that section "to provide for the payment of judgments, settlement of claims, expense loss, and damage that arises, or is claimed to have arisen, from an act or omission of (its member) political subdivision(s) or any of (their) employees in connection with a governmental or proprietary function and to indemnify or hold harmless the subdivision's employees against such loss or damage."
The Pool was organized by Pottinger Insurance Company, an insurance broker, which procured reinsurance coverage from insurers for the benefit of the political subdivisions that are members of the Pool. The members pay a premium to the Pool for the coverage it maintains for them.
The City of Moraine is a member of the Pool. Matthew Sexton was employed by Moraine as a police officer on October 9, 1996. Sexton was seriously injured on that date by a motorist whose insurance liability limits are $1 million per claim. The motorist's insurer paid the policy limits on Sexton's claim. Sexton has also received workers' compensation benefits, disability benefits, and automobile medical payments on account of the injuries he suffered.
Moraine's membership in the Pool entitled Moraine and its employees liability coverage of up to $5 million and uninsured/underinsured motorist coverage of up to $1 million. Sexton demanded payment of $5 million from the Pool under Moraine's underinsured motorist coverage.
The Pool commenced this action, asking the court to find that it was required to provide no more than $1 million in coverage on Sexton's claim and that the Pool was entitled to set-offs in the amount of the benefits that Sexton has already been paid. The court subsequently granted the Pool's motion for summary judgment, so declaring.
Sexton filed a timely notice of appeal from the trial court's order. He presents a single assignment of error. The Ohio Bureau of Workers' Compensation appears as amicus curiae in support of Sexton's appeal.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO APPLY O.R.C. § 3937.18
AND WELL-ESTABLISHED PRINCIPLES OF UNDERINSURED MOTORIST LAW WITH RESPECT TO UNINSURED/UNDERINSURED MOTORIST COVERAGE WHICH WAS ISSUED BY PUBLIC ENTITIES POOL OF OHIO.
Perhaps no other topic has consumed more paper and ink in the judicial decisions of recent years than has the topic of uninsured/underinsured ("UM/UIM") motorist coverage. The issues it presents are myriad, and seemingly endless. In view of the substantial economic interests involved, they usually are prosecuted to the utmost.
Much of the UM/UIM litigation arises from the particular scheme that the General Assembly employed to create that form of coverage. R.C. 3937.18 requires policies of automobile liability insurance to also offer the insured UM/UIM coverage in an equivalent amount. This appears to be a simple proposition. However, exclusions applicable to primary coverage don't necessarily apply to UM/UIM coverage, and UM/UIM coverage exists unless the insured expressly rejects it. These features of UM/UIM coverage have been the source of much of the litigation concerning it.
Sexton argues that the Pool, because it is insurer, is required by R.C. 3937.18(A) to offer UM/UIM coverage to its members in an amount equivalent to the liability coverage that it affords them. Because it did not offer coverage in that amount to Moraine, Sexton argues, coverage in the full $5 million amount of Moraine's liability coverage is impressed on its contract with the Pool as a matter of law, and the Pool must provide it to Sexton.
We are not here concerned with whether UM/UIM coverage is subject to an exclusion of some form. Neither are we concerned with a failure to reject it when it was offered. The question presented is whether the Pool was required by R.C. 3937.18 to offer UM/UIM coverage at all, which is a necessary predicate to any finding that the Pool must provide UM/UIM coverage in an amount equivalent to liability coverage.
R.C. 3937.18 applies to any "automobile liability or motor vehicle liability policy of insurance." Id. Thus, "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Selander v.Erie Insurance Group (1999), 85 Ohio St.3d 541, 544. However, the coverage must be provided by a policy of insurance.
An insurance policy is a contract wherein the insurer promises to defend and indemnify the insured against legal liability arising from the occurrence of a specified risk or risks. The self-insurances pools for which R.C. 2744.081(A) provides places the benefits they offer to their members squarely within that definition. However, division (E)(2) of that section states:
 A joint self-insurance pool is not an insurance company. Its operation does not constitute doing an insurance business and is not subject to the insurance laws of this state.
 Because a self-insurance pool is not an insurance companyengaged in an insurance business the benefits they offer theirmembers are seemingly outside the definition of automobileliability or motor vehicle liability policies of insurance in R.C.3927.18 [3937.18](A). If so, the UM/UIM requirements imposed byR.C. 3937.18(A) don't apply to liability coverage offered byself-insurance pools organized pursuant to R.C. 2744.091 [2744.081](A).Adams v. County Risk Sharing Authority, Inc. (Nov. 25, 1996),Scioto App. No. 2357, unreported. Any doubt whether the sectionmight require self-insurance pools to offer UM/UIM coverage isforeclosed by the final clause of R.C. 2744.081(E)(2), whichdeclares that they are "not subject to the insurance laws of thisstate." R.C. 3937.18 is such a law.
Nevertheless, the Pool did provide Moraine with UM/UIM coverage up to a limit of $1 million, though not up to the primary liability coverage limits of $5 million that Moraine was afforded. The Bureau of Workers' Compensation argues that the Pool, though it is not bound by R.C. 3937.18(A) to offer UM/UIM coverage, must when it voluntarily provides UM/UIM coverage offer it in an amount equivalent to the liability coverage provided, as R.C. 3937.18(A) requires.
The equivalency requirements of R.C. 3937.18(A) cannot apply if R.C. 3937.18(A) does not apply. We have found that a self-insurer or pool that is organized pursuant to R.C. 2744.081
is exempt from the requirements of R.C. 3927.18 [3937.18](A) with respect to the liability coverage it offers. Therefore, a pool which does provide UM/UIM coverage need not offer it in an equivalent amount by reason of R.C. 3937.18(A).
The Bureau also argues that Sexton is entitled to UM/UIM coverage from the policies of reinsurance that the Pool purchased to cover claims in excess of its reserves. However, the companies that issued those policies are not parties to this proceeding, and the policies they issued are not before us. Therefore, we lack jurisdiction to adjudicate the Bureau's claim.
The assignment of error is overruled. The judgment from which the appeal was taken will be affirmed.
 _______________________ GRADY, P.J.
BROGAN, J. and YOUNG, J. concur.